**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Heriberto AVILES, Jr., Defendant–Appellant.**

**No. 05–30019.
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Aug. 18, 2005.

Howard Cobb Parker, Camille Ann Domingue, Assistant U.S. Attorney, Lafayette, LA, for Plaintiff–Appellee.

Rebecca L. Hudsmith, Federal Public Defender, Lafayette, LA, for Defendant–Appellant.

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM: *

Heriberto Aviles, Jr., a federal prisoner (# 69269–079), appeals the sentence imposed following his guilty-plea conviction of assaulting a fellow inmate with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3).

Aviles argues that his sentence is illegal under *Booker* because it was imposed pur-

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suant to a mandatory application of the sentencing guidelines. In the district court, Aviles objected under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to sentencing increases based on the career-offender guideline, U.S.S.G. § 4B1.1, and that U.S.S.G. § 4B1.1 was itself "unconstitutional." This second allegation effectively raises the type of error raised by the other respondent in *Booker*, Ducan Fanfan, i.e., that imposition of a sentence pursuant to a mandatory Guidelines regime violated his rights. *See Booker*, 125 S.Ct. at 750, 768–69; *United States v. Walters*, 418 F.3d 461, (5th Cir.2005). The Government concedes that it cannot show harmless error as to Aviles's "Fanfan"-type claim. Because the Government admits that it cannot show that the district court would not have sentenced Aviles differently under an advisory Guidelines system, *see United States v. Akpan*, 407 F.3d 360, 377 (5th Cir.2005), we REMAND for the district court to decide if resentencing is warranted.

REMANDED.